## RICHARD S. MARTIN *vs.* BENJAMIN F. BAYLEY.

The discharge of the trustee in an action under *St.* 1844, *c.* 148, § 2, in which mortgaged personal property is attached, and the mortgagee summoned as trustee, vacates the attachment of the property and entitles the mortgagee to possession thereof.

If an action of replevin is defeated solely by reason of its being prematurely commenced, judgment for a return of the goods replevied will not be ordered.

REPLEVIN against a deputy sheriff for goods mortgaged to the plaintiff and attached as property of the mortgagor. In the superior court judgment was ordered for the defendant for a return of the goods replevied and costs, and the plaintiff appealed to this court. The facts, which were agreed, appear in the opinion.

*H. W. Paine & T. F. Nutter*, for the plaintiff.

*B. Dean*, for the defendant.

MERRICK, J. It is admitted by the plaintiff that his action was prematurely commenced, and for that reason cannot be maintained; and that the defendant is entitled to judgment for costs, and for nominal damages, but not for a return of the goods replevied.

His title to these goods was acquired by a conveyance of the same to him in mortgage by S. R. Menard. After the mortgage was executed, but while the mortgagor remained in possession of them, they were attached by the defendant, as a deputy sheriff, in the due service of a writ in favor of J. Roberts against said Menard. In the same writ the plaintiff was named, and, by the proper service of it, he was duly summoned, as the alleged trustee of the defendant. He appeared at the term of the court to which the writ was returnable, and filed his answer upon oath, disclosing therein the said mortgage, and the amount due to him for which it stood as security. At a subsequent term, Roberts discontinued this action as to the alleged trustee, and the plaintiff was thereupon discharged.

Upon these facts he contends that the lien created by the attachment of the goods was dissolved, vacated and discharged.

If this is correct, then the defendant had no right to dispose of the goods, or to convert them to his own use; and he would accordingly be obliged, if he should receive them under a judgment for a return, to restore them immediately to the plaintiff. A judgment to that effect could therefore be of no possible benefit or advantage to him, and therefore ought not to be rendered in his behalf. By withholding it, the rights of the parties will be fully adjusted and all circuity of action avoided.

The decision of the question, whether the attachment made by the defendant was, under the circumstances above stated, discharged, depends upon the construction to be given to the provisions of the statute enacted in addition to " An act concerning mortgages of personal property." *St.* 1844, *c.* 148. By § 2 it is provided that any personal property of a debtor, subject to a mortgage and still remaining in possession of the mortgagor, may be attached in like manner as if it were unincumbered; and the mortgagee may be summoned in the same action in which the property is attached, as the trustee of the mortgagor, to answer such questions as may be put to him by the court or their order, touching the consideration of the mortgage and the amount due thereon. This, in connection with the provisions in the succeeding sections, furnishes a new course of procedure, by which creditors may reach and avail themselves of the mortgaged property of their debtors, and also test the validity of the mortgage by which a conveyance of it has been made. Before the enactment of this statute, any person supposed to have in his hands and possession any goods, effects or credits of the debtor might be summoned in a writ in the common form as his trustee. The debtor's personal property also, subject to a mortgage, was liable to be taken on a writ of attachment, just as if it were unincumbered. But if it were so attached, it was the right of the mortgagee to give to the attaching creditor or officer a true account of the debt or demand for which the property was liable to him, and to demand payment of the same; and unless such payment was made or tendered to him within the next succeeding twenty four hours, the attachment was at once abrogated and dissolved. That system was never abol-

ished by the substitution of another, but continued to be an existing remedy, of which the creditor, at his pleasure, might avail himself. And that it was intended to be still maintained and kept in force is apparent from the consideration, that the time within which such payments shall be made, in suits thereafter to be commenced, before the attachment shall be dissolved, is, by the first section of the same statute in which the new course of proceeding is provided for, enlarged and extended from twenty four hours to ten days. This provision, as to what may and shall be done if the old system is pursued, shows conclusively that it is neither to be abrogated nor abandoned. If it were not to be continued, there would have been no occasion for the enlargement of the time of payment. Each of these courses being equally lawful, and no restriction being imposed upon his choice, the creditor is left free to elect the remedy he may prefer; but he cannot at the same time avail himself of the benefits of both. Rev. Sts. *c.* 109, § 4; *c.* 90, §§ 78, 79. *St.* 1844, *c.* 148, § 1.

If, then, instead of seizing the mortgaged property of his debtor upon a common writ of attachment, and thereby making himself liable to pay the debt for which it stands or is holden as security within ten days after service and demand, or to relinquish and abandon the lien upon it created by the service of his writ, the creditor elects to proceed under the *St.* of 1844, *c.* 148, by attaching the property, and at the same time summoning the mortgagee as trustee, and subjecting him to answer interrogatories proposed to him, very different consequences ensue. The mortgagee has not a right, in such case, to insist upon the payment of his debt within twenty four hours or ten days; but must await the issue of the suit, or rather of the determination of that question, in which he has a particular interest. And as to this, he can only follow the course which the creditor chooses to pursue. The privilege is given exclusively to the latter to decide whether the validity of the mortgage shall be tried upon the personal examination of the mortgagee, or by a jury, upon an issue to be framed for that purpose by the court. And it is only after a trial in one of these forms has taken place, and

the mortgage has thereupon been found to be *bona fide,* that the mortgagee can have any resort to the mortgaged property to enforce or recover payment of his debt. When its validity has thus been finally established, it becomes the duty of the court to ascertain the amount justly due upon it, and thereupon to order and direct within what time payment of the amount so found due shall be made. If it is not then paid according to the order, the attachment is at once void, and the property is to be immediately restored to the mortgagee. §§ 3, 4.

It is a legitimate consequence from these provisions, and essential to the protection of the mortgagee, that, if the creditor resorts to the remedy which they allow him to pursue, he must abide a final determination in reference to the validity of the mortgage, or relinquish and abandon all claim to the property under and by virtue of his attachment. He cannot deprive the mortgagee of the rights and privileges to which he was entitled under the former, and at the same time exclude him from the benefit of those to which he is entitled under the latter mode of proceeding. When therefore he commences his action, attaches the property, and summons the mortgagee as trustee, he must pursue it until the question concerning the validity of the mortgage has been tried and determined, or else relinquish and abandon his attachment. He cannot discontinue it merely against the alleged trustee, and still preserve his lien upon the property attached, but such discontinuance will operate not only to discharge the trustee, but to vacate and annul the attachment also.

But it is urged, for the defendant, that this attachment must remain good after the discontinuance against the trustee, because there is nothing in the writ or proceedings to show that he was summoned as mortgagee under the *St.* of 1844, *c.* 148. This objection seems to us to be founded upon a manifest error. When a mortgagee is summoned in a trustee process, and when the property mortgaged is attached at the same time and upon the same writ, and when it is not even pretended that upon any other ground there was reason for supposing that he had any goods, effects or credits of the debtor in his hands or possession,

it is not only to be presumed, but it does substantially appear, that the proceedings were intended to be, and were in fact, under and in pursuance of the provisions of that statute. It is really impossible to doubt that the creditor, in resorting to the plan and method of proceeding which it allowed and which he adopted, meant to avail himself of it.

Upon the facts agreed, judgment must be entered for the defendant for nominal damages, and for his costs; but not for a return of the goods replevied.